Singh v. Lynch

BIA
Segal, IJ
A087 997 053

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:
    JON O. NEWMAN,
    RICHARD C. WESLEY,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

SUKHDEEP SINGH,
    *Petitioner,*

    v.                                    14-3127
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.**

_____

**FOR PETITIONER:**        Genet Getachew, Brooklyn, New York.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy
                             Assistant Attorney General; Anthony C.
                             Payne, Assistant Director; Lauren E.
                             Fascett, Trial Attorney, Office of
                             Immigration Litigation, United States
                             Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sukhdeep Singh, a native and citizen of India, seeks review of a July 25, 2014, decision of the BIA affirming the January 2, 2013, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Sukhdeep Singh*, No. A087 997 053 (B.I.A. July 25, 2014), *aff'g* No. A087 997 053 (Immig. Ct. N.Y.C. Jan 2, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Singh's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence, "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

Preliminarily, in denying relief, the IJ was permitted to rely on Singh's responses to questions in his credible fear interview. Contrary to Singh's argument, the credible fear interview contained the required indicia of reliability because: (1) the interview record was a verbatim account of the transcript of Singh's statements; (2) the interview was conducted through a Punjabi interpreter; (3) the asylum officer

3

explained to Singh the purpose of the interview and the importance of providing full and accurate testimony; and (4) the asylum officer asked questions that were designed to elicit a potential basis for asylum.  *See Ming Zhang v. Holder*, 585 F.3d 715, 725-26 (2d Cir. 2009).

The IJ's findings of inconsistency between Singh's responses in the credible fear interview and his testimony before the IJ were supported by substantial evidence.  At his credible fear interview, Singh stated that he cut his hair because members of the Congress Party in India threatened his life and he had to hide his Sikh identity.  However, he testified at the immigration hearing that he cut his hair because he injured himself playing as a child, and had to get stitches.  The agency was not compelled to accept his explanation that he misspoke at his credible fear interview, especially since Singh also stated in his asylum application that he cut his hair in response to threats and to avoid being harmed.

Singh also stated at his credible fear interview that he was attacked in India and his *left* arm was broken.  However, at his immigration hearing, he testified that his *right* arm was

4

broken. Singh testified that he told the asylum officer who interviewed him that he broke his right arm, and that the officer must have made a mistake in recording his response. But the IJ could reasonably have declined to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, Singh submitted an affidavit from his mother, which stated that his *left* arm was broken in the attack.[1]

Given those inconsistencies, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, as the claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

---

[1] The agency did not err in declining to consider a second affidavit from Singh's mother, stating that it was in fact his right arm that was broken, because the second affidavit was offered for the first time on appeal to the BIA. *See Matter of Fedorenko*, 19 I. & N. Dec. 57, 73-74 (B.I.A. 1984). In any event, the additional affidavit merely added another contradictory statement.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk